## STATE SUPREME COURT---Continued

No. 17663—The Toledo, Columbus & Ohio River Railroad Co. and Pennsylvania Co. v. Victor D. Miller Error to the Court of Appeals of Cuyahoga county.

ORDINANCE—(1) Regulating speed of trains—not invalid, as to fines and penalties—(2) Constitutionality and reasonableness, question of law—Must be clear and manifest—(3) Verdict for damages for personal injury—Not set aside unless.

DAY, J.

1. An ordinance regulating the speed of trains through a municipality, enacted pursuant to Section 3781, General Code, is not rendered invalid for the reason that the penalty for a violation of the same is denominated a fine, so long as no imprisonment or criminal process is sought to be enforced thereunder, but such "fine" may be collected as a penalty by civil action.

2. The constitutionality and reasonableness of a municipal ordinance regulating the speed of trains are questions of law for the court to decide, and to justify declaring void an ordinance limiting the speed of trains within a municipality its unreasonableness, or want of necessity as a police regulation, for the protection of life and property, must be clear and manifest.

In an action for damages for personal injury a verdict should not be set aside unless the damages awarded are so excessive as to appear to have been awarded as a result of passion or prejudice, or unless it is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises

Judgment affirmed.

Marshall, C. J., Wanamaker and Allen, JJ., concur. Matthias, J., concurs in the syllabus, but not in the judgment.

---

No. 17288—Industrial Commission of Ohio v. Guy R. Hogle. Error to the Court of Appeals of Knox county.

APPEALS—(1) From Industrial Commission under 1465-90 GC.—May be denied when—(2) Action appealed from must appear upon its record.

DAY, J.

1. The Court of Common Pleas is without jurisdiction to entertain an appeal from the Industrial Commission pursuant to the terms of Section 1465-90, General Code, until the commission has taken final action in the premises denying the claimant the right to participate in the state insurance fund, on the ground, first, that the injury was purposely self-inflicted, or, second, that the injury was not sustained in the course of employment, or third, upon any other ground going to the basis of the claimant's right.

2. The Industrial Commission speaks by its record, and such final action, to be the basis of an appeal, must affirmatively appear upon the record of the proceedings of the commission.

Judgment reversed.

Marshall, C. J., Jones and Matthias, JJ., concur. Robinson, J., concurs in the syllabus, but not in the judgment.

No. 17365—James L. Adams v. The Hollow Rock Mining and Transportation Company. Error to the Court of Appeals of Jefferson county.

APPEARANCE—(1) General demurred without reservation as to jurisdiction waives right to object when—(2) Filing briefs—Court may fix time for dismissal of error proceedings for failure to file in four months, not an abuse of discretion of court

WANAMAKER, J.

1. The filing by defendant of a general demurrer to a petition, in which demurrer he fails to make any reservation as to the court's jurisdiction over him is an entry of appearance and a waiver of his right to object on the ground of jurisdiction over his person.

2. A rule of the Court of Appeals requiring briefs to be filed in error proceedings within a reasonable time is a valid exercise of the power conferred upon that court, and a dismissal of such proceedings error for failure to file such brief for a period of four months after a petition in error is filed does not constitute an abuse of the discretion of the court in that behalf.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No matter how good a Law Library you have, there is always a hiatus between your last report and the next one, that puts you behind the courts until you get it. The Abstract keeps you up-to-date.